**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Marci Brawley,                    )<br>                                          )<br>         Plaintiff,                )<br>                                          )<br> vs.                                   )<br>                                          )<br>                                          )<br>Alltel Corporation; Zurich American Ins.)<br>Co.,                                  )<br>                                          )<br>         Defendants.            )<br>_____) | No. CV-08-0068-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion to dismiss (doc. 5), plaintiff's response (doc. 9), and defendants' reply (doc. 18).

This case arises out of plaintiff's claim for benefits related to the death of her son under an accidental death and dismemberment policy issued by Zurich (the "Policy"). Plaintiff asserted state law claims for breach of contract, detrimental reliance, negligence, and negligent misrepresentation. She seeks to recover benefits under the Policy. In their motion to dismiss, defendants contend that the state law claims are preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a); Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1439 (9th Cir. 1990) ("ERISA contains one of the broadest preemption clauses ever enacted by Congress.").

1 Plaintiff's complaint expressly asserted only state law claims. In her response to the motion
2 to dismiss, she does not dispute that her state law claims are preempted by ERISA. Instead,
3 she argues that her complaint should be construed as asserting a claim under ERISA. See
4 Response at 1 ("The essence of the Complaint is thus a claim of entitlement to the benefit
5 provided by the Plan.").

6 We agree with defendants that plaintiff's state law claims are preempted by ERISA.
7 We do not agree that this conclusion requires dismissal of this case. In Crull v. GEM Ins.
8 Co., 58 F.3d 1386, 1391 (9th Cir. 1995), the court rejected the argument that where ERISA
9 completely preempts state law claims, a plaintiff must file a new complaint expressly
10 invoking ERISA. "The pleadings need not identify any particular legal theory under which
11 recovery is sought." Id. Instead, the notice pleading requirement under Rule 8, Fed. R. Civ.
12 P., is satisfied where the complaint seeks to recover ERISA-governed benefits. Id.; see also
13 Vickery v. United Med. Res. Inc., 43 F.3d 1208, 1209 (8th Cir. 1994).

14 Here, the defendants seek to "have it both ways" by first advocating for removal
15 because ERISA governs the claims, then upon removal arguing that the case must be
16 dismissed because an ERISA claim has not been asserted. See Vickery, 43 F.3d at 1210
17 (Hansen, J. concurring). Indeed, in their notice of removal, defendants characterized the
18 complaint as "founded on a claim or right arising under the laws of the United States
19 (ERISA)." (doc. 3 at 2). We conclude that although plaintiff's state law claims are
20 completely preempted by ERISA, the complaint nonetheless is properly construed as
21 asserting an ERISA claim and defendants' motion to dismiss is denied (doc. 5).

22 The defendants argue in their reply that even if we conclude that the complaint states
23 an ERISA claim, we should nonetheless dismiss the case because plaintiff seeks relief that
24 contradicts the Policy. First, we will not consider an argument raised for the first time in a
25 reply. Gaddda v. State Bar of Cal., 511 F.3d 933, 937 n.2 (9th Cir. 2007). Second, because
26 this argument requires an interpretation of the Policy, which is not before us, defendants'
27 argument is premature.

28

1. **IT IS ORDERED DENYING** defendants' motion to dismiss (doc. 5).

    DATED this 29th day of February, 2008.

    *Frederick J. Martone*
    Frederick J. Martone
    United States District Judge