**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marci Brawley, ) | No. CV-08-0068-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Alltel Corporation; Zurich American Ins. ) Co., ) | |
| Defendants. ) | |

The court has before it defendant Zurich American Insurance Company's ("Zurich") motion to strike plaintiff's demand for jury trial (doc. 29), plaintiff's response (doc. 30), and Zurich's reply (doc. 37); and plaintiff's motion to strike Zurich's exhibit to reply (doc. 39), and Zurich's response (doc. 42)[1]. We also have before us Zurich's motion to strike allegations in plaintiff's answer to counterclaim (doc. 34), plaintiff's response (doc. 35), and Zurich's reply (doc. 40); and plaintiff's motion to strike Zurich's counterclaim (doc. 36), Zurich's response (doc. 41), and plaintiff's reply (doc. 46).

---

[1] Plaintiff's motion to strike Zurich's exhibit to its reply is not permitted under Rule 12(f), Fed. R. Civ. P., which is limited to pleadings under Rule 7(a), Fed. R. Civ. P., in contrast to motions and papers under Rule 7(b), Fed. R. Civ. P. Accordingly, the motion to strike is denied (doc. 39). That said, Zurich's attachment of the Plan to its reply is improper and we do not consider it.

1   We previously construed plaintiff's complaint as asserting claims under ERISA, 29 U.S.C. §§ 1001-1461, and accordingly held that plaintiff's state law claims are preempted (doc. 23).  Zurich now argues that this ruling precludes plaintiff's demand for a jury trial because there is no right to a trial by jury for claims asserted under ERISA.  See Thomas v. Oregon Fruit Prods. Co., 228 F.3d 991, 996 (9th Cir. 2000).  Plaintiff acknowledges that no jury trial exists for ERISA claims, but asserts that she may have non-ERISA claims "as against yet unidentified parties."  Response at 1.  At present, however, plaintiff's complaint raises only ERISA claims.  If plaintiff later asserts valid non-ERISA claims, we will revisit a jury demand.  Although this motion to strike does not fit squarely within the contours of Rule 12(f), Fed. R. Civ. P., we will construe it as an objection to the jury demand and sustain it (doc. 29).

Zurich also moves to strike allegations contained in ¶ 2 of plaintiff's answer to Zurich's counterclaim to the extent that plaintiff denies that "the supplemental AD&D Plan (the "Plan") is governed by ERISA," or that "that term is intended to describe the Plan as an ERISA governed benefit" (doc. 27).  Zurich argues that our previous ruling that the complaint raises ERISA claims constitutes "law of the case" and precludes plaintiff from arguing that the Plan falls outside of ERISA.  Plaintiff objects to the motion to strike, asserting that discovery may show that the Plan falls within the safe harbor regulations and therefore ERISA does not apply.

Our previous holding did not involve an interpretation of the Plan, but merely an assessment of the averments contained in the complaint.  This ruling does not preclude either party from subsequently litigating the legal significance of the Plan.  Zurich's motion to strike plaintiff's allegations in ¶ 2 of the answer to counterclaim is denied (doc. 34).

Finally, plaintiff moves to strike Zurich's counterclaim, contending that it is redundant in that it mirrors the claims asserted in plaintiff's complaint.  In its counterclaim, Zurich seeks a declaration that plaintiff has received all that she is entitled to under the Plan and that Zurich has fully performed its obligations under the Plan.  Zurich states that it has asserted that it is not the real party in interest by way of an affirmative defense.  It contends that if it

- 2 -

1 is dismissed by virtue of this defense, and denied the right to pursue its counterclaim, it will
2 not obtain an adjudication on its obligations under the Plan.

3     While there is some support for the plaintiff's position that Zurich's counterclaim for
4 declaratory relief should be stricken as redundant, the majority rule is to the contrary,
5 because it is often difficult to determine whether a declaratory judgment counterclaim really
6 is redundant prior to trial. See 6 Charles A. Wright, et al., Federal Practice and Procedure
7 § 1406 (2d ed. 1990). We decline to strike Zurich's counterclaim at this early stage of the
8 litigation.

9     **IT IS ORDERED** construing Zurich's motion to strike demand for jury trial as an
10 objection and **SUSTAINING** it (doc. 29).

11     **IT IS FURTHER ORDERED DENYING** Zurich's motion to strike plaintiff's
12 allegations in answer (doc. 34), **DENYING** plaintiff's motion to strike Zurich's exhibit to
13 reply (doc. 39), and **DENYING** plaintiff's motion to strike counterclaim (doc. 36).

14     The parties are advised that motions to strike are limited in scope, disfavored and no
15 substitute for fully developed motions to dismiss or for summary judgment. See, generally,
16 LRCiv 7.2(m).

17     DATED this 13th day of May, 2008.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge